**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4225**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

IQUILL WAYNE MORRISON,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:16-cr-00856-HMH-1)

Submitted:  October 15, 2019                          Decided:  October 17, 2019

Before GREGORY, Chief Judge, and THACKER and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Iquill Wayne Morrison pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012), and knowingly brandishing, carrying, and using a firearm during and in relation to, and possessing said firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). The district court sentenced Morrison to 114 months' imprisonment. On appeal, Morrison challenges his § 924(c) conviction, arguing that Hobbs Act robbery is not a crime of violence under § 924(c)(3). We affirm.

Section 924(c)(3) provides two definitions of the term "crime of violence"—the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). Although the Supreme Court recently concluded that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), § 924(c)(3)(A)'s force clause remains intact. Shortly after *Davis*, we held in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)." Accordingly, Morrison's argument is foreclosed by *Mathis*.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*